CULLEN, Receiver, Appellant, vs. ABBOTT and others, Respondents.

*January 7—April 1, 1930.*

*Joseph G. Hirschberg* and *Walter D. Corrigan, Sr.,* both of Milwaukee, for the appellant.

For the respondents John J. McGovern, Francis E. McGovern, and Abigail McGovern there was a brief by *James H. Van Wagenen,* attorney, and *John J. Devos,* of counsel, both of Milwaukee, and oral argument by *Mr. Devos.*

For the respondent Walter Landwehr there was a brief by *Wehe & Landrey* of Milwaukee, and oral argument by *L. J. Landrey.*

*Lilian M. Kohlmetz* of Milwaukee, for the respondent Traub.

The following opinion was filed February 4, 1930:

ROSENBERRY, C. J. It is considered that the trial court correctly held that any liability which the stockholders sustained by reason of the facts set out in the complaint should have been worked out in the receivership proceeding and that a separate action should not have been begun. *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445; *Williams v. Brewster,* 117 Wis. 370, 93 N. W. 479; *Shadbolt & Boyd Iron Co. v. Long,* 172 Wis. 591, 179 N. W. 785. The same court, however, having jurisdiction of the proceeding, the bringing of the separate action was an irregularity which should have been corrected upon motion to remand to the proper branch of the circuit court. The matter being here upon a question of law which is fully presented, it is considered that it should now be disposed of.

The section under which the action is brought (sec. 182.23, Stats. 1923) is as follows:

"The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

In determining the question of whether or not the defendants are liable, the legislative purpose in the enactment of the section must be first ascertained. It is apparent that it was not the intent of the legislature to increase the assets which would be available for the benefit of the general creditors by the amount which should be owing by the insolvent corporation to its clerks, servants, and laborers. It was rather to assure to the clerks, servants, and laborers their compensation for services which had been rendered to the corporation for its benefit and so presumably for the benefit of its creditors. It was not therefore a liability which could be asserted by or on behalf of any one other than those for whose benefit it was created.

Sec. 268.17 requires the receiver when appointed to report immediately to the court the amount due the employees and laborers, and further provides that the court shall then order the receiver to discharge such amounts out of the first receipts of the business after the payment of costs, debts due the United States or this state, taxes and assessments, and the current expenses of carrying on or of closing the said business. The allegation of the complaint is that the plaintiff "paid out of the estate of said insolvent corporation to its clerks, servants, and laborers the sum of $9,720.27." The argument is made here that the liability of the stockholders for the wages of the clerks, servants, and employees is a

primary liability of the stockholders. · It is further urged that it now appearing that there were not sufficient assets to pay the laborers after payment of the costs, debts due the United States and the state, taxes and expenses of carrying on the business, the receiver may now recoup and reimburse the fund by maintaining this action against the stockholders.

It is considered that this position is not tenable. The corporation was primarily liable to its employees for the amount of their wages. The statute was a further assurance to the employees that the wages for services rendered during the six months should be paid. These claims having been discharged by the funds of the corporation pursuant to the order of the court, the liability was extinguished, and upon no theory can the estate be subrogated to the rights of the clerks, servants, and laborers under sec. 182.23. As was said by the trial court:

"Presumably, the court, when it made its order directing its officers to do this [discharge labor claims], judicially determined that the receipts 'of the business' were sufficient for the purpose with due regard to the future payment of such portions of the 'costs, . . . and the current expenses of carrying on or closing said business' as should equitably be given priority under sec. 268.17, Stats."

The determination so made stands unreversed and settles the rights of the parties to this controversy.

*By the Court.*—Order affirmed.

FRITZ, J., took no part.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.