BANKING COMMISSION, Respondent, vs. MUZIK, Executrix, Appellant.

*October 11, 1934—January 8, 1935.*

For the appellant there were briefs by *Beuscher & Beuscher,* attorneys, and *Ronold A. Drechsler* of counsel, all of

Milwaukee, and oral argument by *Mr. J. H. Beuscher* and *Mr. Drechsler*.

*H. W. Schuler* of Milwaukee, for the respondent.

The following opinion was filed November 6, 1934:

FOWLER, J. The action is by the Banking Commission of the State to recover from the executrix of a deceased stockholder of a state bank in liquidation by the commission the amount of the superadded stockholders' liability. The plaintiff demurred to the answer on the ground of insufficiency of facts stated to constitute a defense. The demurrer was sustained and the defendant appeals.

The alleged defense is that the former commissioner of banking, of whom the plaintiff is the successor, took charge of the bank on July 18, 1932; that the stockholder, of whom the defendant is the personal representative, died on August 29, 1932; that in course of the administration of the estate of the deceased stockholder the county court made an order limiting the time in which claims against the estate might be filed to the first Tuesday in February, 1933, and requiring that all claims against the estate be heard on the first Tuesday in May, 1933; that due notice of these matters was given; and that the plaintiff failed to file its claim as required by the order limiting the time for filing. The contention of the defendant is that these facts show that the plaintiff's claim is barred by the non-claim statute, sec. 313.08, Stats. 1933, which provides that every person having a claim proper to be allowed by the county court, who, after the statutory notices of the time for filing and hearing claims has been given, shall not file his claim within the time limited "shall forever be barred" from recovery on his claim.

There is no question that no recovery can be had in ordinary cases upon claims not prosecuted within the time fixed by the court order. *Estate of Lathers,* 215 Wis. 151, 251 N. W. 466, 254 N. W. 550. The claim against the deceased

became due when the former commissioner of banking took over the affairs of the bank. Sec. 221.42, Stats. 1933. As the commissioner took over the affairs of the bank prior to the stockholder's death, the claim became due prior to his death, and became one against his estate, and by the statutory provisions relied upon the position of the appellant in the case of an ordinary claim would be well taken.

The question for determination thus is, whether enforcement of a claim against the estate of a deceased stockholder of a state bank for the stockholder's superadded liability which accrued during the stockholder's lifetime is on a different footing from any other claim that accrued during the decedent's lifetime.

The reason for the statutory non-claim provision is that the advantages to persons interested of speedy and stable final determination of the administration of the estates of deceased persons secured by the provision overbears the disadvantages to claimants through losses sustained as a result of their non-compliance with the provision. This is the legislative conclusion. That being the legislative conclusion it must be given effect in claims against the estates of deceased stockholders to enforce their statutory liability, unless from other statutory provisions the contrary clearly appears. Two statutes are relied on by the respondent as avoiding the effect of the non-claim statute. One is sec. 287.17, Stats. 1933, providing that no action shall be commenced against an executor or administrator except in certain ones specified including one to enforce the liability of stockholders. This provision was enacted into the section by ch. 5, Laws of 1899. At that time the only remedy for enforcing the liability of stockholders was through an action by a creditor to which all stockholders were made parties. *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111. The power of county courts was considered inadequate for want of authority to bring in all stockholders.

When the case above cited was decided, the only exceptions stated in the statute were actions for the recovery of real or personal property or actions to establish, enforce, or foreclose a lien on such property. The amendment of 1899 followed the decision of this case and included actions to enforce the liability of stockholders, together with actions to quiet title, remove a cloud on title, construe wills, avoid fraudulent conveyances and affect or pass title to real property, "and other actions in which the county court cannot afford a remedy as adequate, complete, prompt or efficient as the circuit court." The manifest reason for including actions to enforce stockholders' liability was that the county court did not afford an adequate remedy. The reason for the rule does not now obtain as the banking code enacted by ch. 234, Laws of 1903, and amended by ch. 168, Laws of 1915, has now provided that the liability may be enforced by an action at law (*Schwenker v. Bekkedal*, 204 Wis. 546, 236 N. W. 581), and the liability accrues when the commission takes over the affairs of the bank. The liability is also for the full amount of the superadded liability, instead of as under the former equity practice, for such part thereof as was necessary for purposes of liquidation. Sec. 221.42, Stats. Thus, when the commission takes over the affairs of a bank during the life of a stockholder who subsequently dies before an action against him to enforce the stockholder's liability has been commenced, the claim becomes one against the estate, and the remedy afforded by the county court is just as adequate and efficient as is the remedy to enforce other claims. As the reason for the rule now fails, application of the rule should not obtain, unless other statutory provisions compel its retention. Justification for retaining the words "enforce a statutory liability" in the statute rests upon the consideration that there is a distinction between a claim to enforce a stockholder's liability that accrues before his death and one that

accrues while the stock is held by his personal representative. Action may be considered as properly tenable against the personal representative in the latter case while it may not be in the former. Until the claim accrues it is only contingent. Since the repeal of sec. 313.24, Stats. 1931, by sec. 25, ch. 190, Laws of 1933, all contingent claims must apparently be filed under sec. 313.22 before the time limited by court order for filing claims has expired or they will be barred. But for the retention of the words "enforce the liability of stockholders" in sec. 287.17, it would be necessary for the Banking Commission, in order to assume enforcement of the liability of stockholders of state banks that should come into its hands for administration in the future, to file a contingent claim in the estate of deceased stockholders of every going state bank, else it would lose the right of enforcement of the stockholders' liability in case the bank of which the deceased was a stockholder should be taken over during administration of the stockholder's estate and after the time limited for filing claims had expired.

The other statutory provision relied on by the respondent as avoiding the non-claim statute is that contained in sec. 221.42, Stats. 1933, to the effect that the stockholders' liability may be enforced by the Banking Commission in an action brought in his name in any court of the county wherein the bank is located. It is argued that this is inconsistent with the idea of enforcing liability by filing a claim against the estate of a deceased stockholder which is necessarily administered in the county of the residence of the deceased, and this often is far distant from the county in which the bank is located. This might be persuasive if there were anything in the statute to indicate that the enforcement of the liability of deceased stockholders was contemplated by the provision. But we find nothing in the statute so pointing. It seems to us quite likely, and more likely, that

the provision was enacted with nothing in mind but the enforcement of liability against living stockholders. In enacting remedial statutes it often happens that especial provisions are not provided for special cases not within the general intendment of the statute. We consider that such is the case here. It seems more likely that the legislature had in mind only the enforcement of the liability against living stockholders than that it contemplated exempting claims against the estates of deceased stockholders from the operation of the non-claim statute.

It is not without significance that the 1933 legislature, which amended the 1931 statute, which provided that the action might be brought in the circuit court of the county where the bank is located, to read that it might be brought in any court of civil jurisdiction in such county, repealed sec. 313.24, Stats. 1931, which provided that unaccrued claims against the estate of a deceased might be presented after the time limited for filing accrued claims had expired. Although the non-claim statute is harsh, the 1933 legislature extended its application, and it would seem from this that it did not consider that sec. 221.42 which they amended exempted claims against estates from that statute or it would have taken away the exemption while it was taking away the one provided by the repealed section.

Counsel for appellant cite decisions from other jurisdictions which hold that claims to enforce the statutory liability of stockholders against deceased stockholders are barred by the non-claim statute when not timely presented to the probate court. Decisions from other jurisdictions are of little help in construing our own statutes, especially when the statutes upon which they are based are not given. Whatever force these decisions might otherwise have in support of their contentions seem to be fully offset by decisions to the contrary cited by respondent's counsel from other juris-

dictions. No useful purpose would be served by discussing these contrary rulings. Our own statute must be given what seems to us a reasonable interpretation in view of its own language and history and such of our own decisions as relate to its application.

One other matter urged by appellant should perhaps be noticed. It is to the effect that the circuit court should not assume jurisdiction of matters properly cognizable by the county court when the county court affords as complete and adequate a remedy as does the circuit court. *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401. This rule is expressly declared by sec. 287.17 above discussed. It is only such matters as cannot be as adequately handled by the county as by the circuit court that the statute permits to be taken by action against the personal representative into the circuit court. As hereinbefore indicated, now that the commission may enforce the full statutory liability of stockholders by separate action against each stockholder, we perceive no reason why the county court is not entirely adequate to adjudicate a claim against the estate of a deceased stockholder in the regular course of the administration of his estate.

We are of opinion that the demurrer to the answer should have been overruled.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with directions to enter an order overruling the demurrer.

A motion for a rehearing was denied, with $25 costs, on January 8, 1935.