Kreutzer, Plaintiff and Respondent, vs. Gallagher, Executor, Defendant and Appellant: Van Rooy and others, Defendants and Respondents.

*October 13—November 9, 1938.*

274

*C. G. Cannon* of Appleton, for the appellant.

For the respondents Philip Kreutzer, Jr., Rena Getschow, Hazel Getschow, Walter Centner, and Frank J. Huntz there was a brief by *Catlin & Catlin* of Appleton, and oral argument by *Mark Catlin* and *Mark Catlin, Jr.*

*William J. Geenen* of Appleton, for the respondent Ruth Van Rooy.

WICKHEM, J. The Appleton Press was a corporation engaged in the printing business in the city of Appleton. Its stockholders were Thomas Gallagher, Ruth Van Rooy, Josephine Moyle, and Ted Moyle. Gallagher held thirty-four shares of the par value of $3,400, and Ruth Van Rooy two shares of the par value of $200. Josephine and Ted Moyle were in default, and the amount of their holding was not established by the evidence or determined by the court. Philip Kreutzer, Jr., was a linotype operator, and Ruth Van Rooy, Hazel Getschow, Rena Getschow, Walter Centner, and Frank J. Huntz are former employees. On January 17, 1935, Rena Getschow obtained a judgment in the amount of $198.76 against the Appleton Press for wages owing her from such concern. She was not employed by the Appleton Press after the date of the judgment. On February 12,

1935, plaintiff Kreutzer obtained a judgment against the Appleton Press in the sum of $2,520 for wages claimed to be due and owing him up to February 5, 1935. Kreutzer continued to work for the Appleton Press at a wage of $40 per week up to the 30th of April, 1935, and received during that period after February 5th the sum of $680. The significance of this payment will be discussed later. Thereafter, on February 1, 1935, a creditors' winding-up and receivership action° was commenced in circuit court for Outagamie county by defendant Rena Getschow based upon her judgment, and the assets of the Appleton Press passed into the hands of the duly appointed receiver for liquidation on or about April 30, 1935. Plaintiff Kreutzer filed a claim of $2,040 in this action. The claim was for sixty-eight weeks, amounting to $2,720, with a credit of $680. Each of the other defendant labor claimants and cross complainants filed verified claims for wages due from the Appleton Press. Of these claimants, Kreutzer, Centner, Huntz, and Van Rooy claimed to be preferred labor claimants to the extent of the full wages for the last three months of their employment, and their preferred labor claims were allowed. By the same order the court also allowed the balance of their claims as general unsecured claims, and the claims of Rena Getschow and Hazel Getschow were listed in this class. The receiver had no funds with which to pay these general claims. As a matter of fact, after liquidating the assets and paying expenses of receivership, there remained only $409 for distribution among the preferred labor claimants, and this was distributed to the four preferred claims in proportion to their claims. In return for these payments, the claimants released the receiver from further obligation and liability to each of them. The court ordered, however, that the claims of labor claimants against stockholders of the company for the unpaid portion of their labor claims should not be barred

by the receivership proceedings. The receivership was terminated September 25, 1936. On February 18, 1937, Thomas A. Gallagher, who was the principal stockholder of the Appleton Press, died, and on February 23, 1937, Robert E. Gallagher was appointed executor of his last will and testament. By order of the county court the time within which creditors might present and file their claims against the estate was fixed and limited to June 26, 1937. On April 19, 1937, plaintiff Kreutzer filed a claim against the estate of Gallagher in county court for six months' wages alleged to be due and owing him from the Appleton Press amounting to $1,040. The executor filed written objections to this claim. Plaintiff Kreutzer, pursuant to the county court order, filed a complaint in county court to which the executor demurred, and the claim has never since been disposed of. None of the other wage and labor cross complainants filed any claim against the estate of Thomas Gallagher. On June 30, 1937, plaintiff commenced this action in circuit court against the executor and others who were stockholders of the Appleton Press to recover six months' wages under and pursuant to sec. 182.23, Stats. The remaining cross complainants were thereafter made parties, and the action proceeded to trial. The liability sought to be enforced in this action is thus set out in sec. 182.23:

"The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the face or par value stock owned by them respectively, . . . for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

Defendant's first contention is that the circuit court had no jurisdiction of the causes of action against the executor, that the county court was the proper tribunal in which to

pursue claims against Gallagher's estate, and that the statute of nonclaim has barred all claims there except that of Kreutzer which has never been pursued to a determination. Plaintiff and the cross complainants rely for their right to commence the action upon sec. 287.17, Stats., which provides:

"No action shall be commenced against an executor or administrator, excepting actions for the recovery of specific property, or actions to establish, enforce or foreclose a lien on property, or to quiet title or remove a cloud on title, to construe wills, *enforce the liability of stockholders,* to avoid fraudulent conveyances, to pass the title to real property and other actions in which the county court cannot afford a remedy as adequate, complete, prompt or efficient as the circuit court. . . ."

The executor relies upon sec. 313.08, Stats., which provides:

"Every claim against a decedent, proper to be filed in probate proceedings in county court, which shall not, after notice given as required by sections 313.03 and 313.04, be filed within the time limited for that purpose, shall forever be barred."

The executor claims that the matter is settled by *Estate of Lathers,* 215 Wis. 151, 251 N. W. 466, 254 N. W. 550, to the effect that a claim against the estate of decedent, either accrued or contingent, must be filed within the time fixed or limited by the county court or be forever barred under sec. 313.08, Stats. With reference to sec. 287.17, which provides that no action shall be commenced against an executor excepting, among other things, an action to enforce the liability of stockholders, the executor contends that since the liability under sec. 182.23 accrued in plaintiff's favor against the decedent in his lifetime, it must be filed as a claim against his estate under the doctrine of *Banking Comm. v. Muzik,* 216 Wis. 596, 257 N. W. 174. That case involved the claim

for the superadded liability of a bank stockholder which had accrued during the life of the stockholder, and it was held that this became a claim against his estate to be enforced by filing it as such a claim, and that the claim was subject to the statute of nonclaim and barred if not filed, the remedy afforded by the county court being as adequate as that in the circuit court.

We perceive a fatal difficulty in the executor's line of reasoning. While the executor claims that this liability under the statute is a several liability, he concedes that when an action is brought to enforce the statutory liability of stockholders, the creditors and stockholders interested must be joined in one action so that the court may not only determine the liability of the stockholders and labor claims, but also the *pro rata* liability between the stockholders themselves and the amount for which each is liable. If the action must be one in which all the stockholders and all the labor claimants are parties, in order that the rights of the various parties be adjudicated, then the remedy in the county court is plainly inadequate and sec. 287.17, Stats., operates. In *Milwaukee v. Drew,* 220 Wis. 511, 265 N. W. 683, where the estate of a deceased city treasurer and his bondsmen during his several terms of office were sued together with one who was charged with collaborating with the treasurer in unlawful investments, it was held that the necessities of getting all these parties before the court and adjudicating all the various liabilities made it impossible for the county court to give adequate relief.

Reliance is had by the executor upon sec. 313.12, Stats., which provides:

"When two or more persons shall be indebted on any joint contract or upon a judgment founded on a joint contract and either of them shall die his estate shall be liable therefor, and the claim may be allowed by the court as if the contract had been joint and several or as if the judgment had been against

him alone, and the other parties to such joint contract may be compelled to contribute or to pay the same if they would have been liable to do so upon payment thereof by the deceased."

This section has no bearing on the present situation. This is not a case of joint liability but a case where persons other than the decedent and other than the claimant must be made parties to an action in order that the rights of the parties be properly adjudicated. That circumstance necessarily makes any remedy which the county court can administer inadequate to the needs of the parties.

The situation is quite different in the case of a liability of a stockholder in a bank for the so-called statutory or super-added liability. His liability is separate and distinct from the liability of any other stockholder, and he may be sued by the liquidator of the bank without joining anybody else. Hence, the county court can adequately deal with such a claim against an estate where the claim accrued during the lifetime of the decedent. This was recognized in the *Muzik Case, supra,* where the court said (p. 598):

"Two statutes are relied on by the respondent as avoiding the effect of the nonclaim statute. One is sec. 287.17, Stats. 1933, providing that no action shall be commenced against an executor or administrator except in certain ones specified including one to enforce the liability of stockholders. This provision was enacted into the section by ch. 5, Laws of 1899. At that time the only remedy for enforcing the liability of stockholders was through an action by a creditor to which all stockholders were made parties. *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111. The power of county courts was considered inadequate for want of authority to bring in all stockholders. . . . The amendment of 1899 followed the decision of this case and included actions to enforce the liability of stockholders. . . . The manifest reason for including actions to enforce stockholders' liability was that the county court did not afford an adequate remedy.

The reason for the rule does not now obtain as the banking code enacted by ch. 234, Laws of 1903, and amended by ch. 168, Laws of 1915, has now provided that the liability may be enforced by an action at law (*Schwenker v. Bekkedal,* 204 Wis. 546, 236 N. W. 581), and the liability accrues when the commission takes over the affairs of the bank."

It is claimed that all of these matters should have been dealt with in the receivership action, and that the receivership action, which liquidated the assets and distributed them among the claimants, must be deemed finally to determine the liability. Reliance is had upon *Foster v. Posson,* 105 Wis. 99, 81 N. W. 123. That case, however, merely held that there could be but one action to enforce the liability of the stockholders to creditors of a corporation. It does not hold that the liability could only be enforced in a receivership action. It has always been held that the liability under sec. 182.23, Stats., must be enforced by a single equity action. *Sleeper v. Goodwin,* 67 Wis. 577, 31 N. W. 335. In this case the early authorities are reviewed to the effect that an action to enforce statutory liability against stockholders of a corporation should be in equity, in which plaintiff should proceed in his own behalf and also in the behalf of other creditors having similar claims against the stockholders who were liable to them under the law, and that the corporation should be made a party to such action unless it has been dissolved or its assets have been wholly exhausted. In *Gager v. Paul,* 111 Wis. 638, 647, 87 N. W. 875, it was said:

"It must not be forgotten that, while proceedings in equity to close up a banking corporation may include recovery of stockholders' statutory liability, they equally may not; for assets of the corporation or other liabilities to creditors, equitably prior to this, may satisfy all creditors. It is therefore an unwarranted presumption that an action seeking to enforce some of the rights of creditors is necessarily one to enforce all."

It may be true, as said in *Cullen v. Abbott,* 201 Wis. 255, 229 N. W. 85, that the personal liability of the stockholders of a corporation for indebtedness to employees under sec. 182.23, Stats., due at the time of the appointment of a receiver should be determined in the receivership proceedings, where corporate assets are inadequate. In that case, however, it was recognized that failure to do so was a mere irregularity. That is the most that can be said of these proceedings. Here the final order in the receivership proceedings expressly reserved to the creditors the right to proceed against the stockholders. There was no appeal from this order, and it is certainly not vulnerable on jurisdictional grounds.

It is next asserted that the Appleton Press is not indebted to Kreutzer for the last six months of his work for them. The proceedings disclose that he was paid the sum of $680 during his last four months, and that this sum, together with the dividend of $172.54, fully paid him for his last six months of work for the corporation. The provisions of sec. 182.23, Stats., do not disclose that the statute has anything to do with the last six months of service. In *Sleeper v. Goodwin,* 67 Wis. 577, 592, 31 N. W. 335, it was said:

"It will be seen by reading the statute that it does not, in express terms, declare that the wages for six months which are secured to the laborer, etc., by this act, must be for wages earned in the last six months of services."

The section simply imposes liability on the stockholder for services not to exceed six months. That is a mere quantitative limitation and has no reference to any particular period of six months. Even if the statute did relate to the last six months, there is evidence that the Appleton Press did business in such a way as to warrant the conclusion that payments made were for the services earliest rendered and unpaid, and, that being true, the amount paid to Kreutzer

during the last four months of his service could properly be attributed to his earlier service. Since the amount of the receivership dividend was deducted from his recovery, appellant has no complaint on that score.

It is next contended that both plaintiff and the cross-complaining defendants all signed receipts in full payment of their preferred labor claims and released the receiver from all liability. It seems to us that this is of no consequence. It simply credits the receiver with having properly applied the inadequate assets of the company to the labor claims. It in no way affects or receipts for the stockholders' liability, nor does it constitute a release of the corporation which would operate to discharge the stockholders upon a theory that the latter are *quasi* sureties.

Some contention is made that the other stockholders are not joined and that the liability under the Moyle stock was not determined. There is no showing that failure in this respect in any way prejudiced the defendants. The holdings of these stockholders appear to have been nominal only.

There is a motion to review by plaintiff and by defendants and cross complainants Walter Centner and Frank J. Huntz who received dividends in the receivership proceedings as preferred labor claimants. The judgment appealed from deducted the amount of these payments from the recovery against the estate of Gallagher. This is asserted to be error. We think the contention of plaintiff and cross complainants is sound. The deduction was evidently made upon the theory that since the preferred labor claims related to the last three months of service and the liability under sec. 182.23, Stats., related to the last six months of service, plaintiff and cross complainants had received payments on account of the last six months which should be credited. From what has been said heretofore with reference to the six months' period, it is obvious that the payment on account of the last

three months of service cannot operate as a credit. If there was six months' services wholly unpaid for, as was the case here, the stockholders are entitled to no credit for any payments on account by the corporation for any particular period of service. It follows that the judgment should be modified with respect to each of the movants by adding to the judgments the amounts deducted therefrom as credits by reason of dividends paid by the receiver. Judgment as to the other respondents, including Ruth Van Rooy, who did not move for a review, should be affirmed.

*By the Court.*—Judgment modified as indicated in the opinion and, as so modified, is affirmed. Respondents to have costs in this court.