Casey, Appellant, vs. Trecker and another, Respondents.

*October 7—November 9, 1954.*

For the appellant there were briefs and oral argument by *Benjamin S. True* of Milwaukee.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *John R. Forde, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham* and *Mr. Forde.*

STEINLE, J. The principal question presented is whether an action to enforce a stockholders' statutory liability as provided in sec. 182.23, Stats., is governed by the six-year statute of limitations provided in sec. 330.19 (4), or by the two-year statute of limitations prescribed in sec. 330.21 (5).

Sec. 182.23, Stats., provided:

"STOCKHOLDERS' LIABILITY; WAGES OF EMPLOYEES. The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the face or par value stock owned by them respectively, and to the consideration for which their nonpar value stock in such corporation was issued, for all debts which may be due and owing to its clerks, servants, and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

In 1951 this section of the statutes was renumbered as sec. 182.223.

Sec. 330.19 (4), Stats., provides that an action upon a liability created by statute when a different limitation is not prescribed by law, must be commenced within six years after the cause of action has accrued.

Sec. 330.21 (5), Stats. 1947, which became effective on August 28, 1947, provides for a two-year limitation of "any action to recover unpaid salary, wages, or other compensation for personal services, except fees for professional services; provided, that any such action founded on a cause of action which accrued between July 1, 1941, and January 1, 1946, may be commenced at any time prior to February 1, 1948."

It appears of record that the present action was commenced on April 15, 1952, pursuant to an order of the county court of Milwaukee county as hereinafter described. In the complaint it is alleged (in so far as material here) that Athea Laboratories, Inc., a Wisconsin corporation, which was engaged in the business of manufacturing and selling cos-

metics, etc., in October, 1946, employed the appellant, John L. Casey, in a sales capacity and agreed to pay him $500 a month for his services together with expenses advanced by him. It is also alleged that the appellant worked for the corporation until October 31, 1947, at which time the company owed him seven months' salary for services, totaling $3,500 and $618 for expense money. It is further alleged that on February 16, 1948, the corporation was adjudicated a bankrupt and that appellant thereafter filed a claim in the bankrupt estate for his services and expenses and was paid $41.37 by the trustee. It is further asserted that Joseph L. Trecker, a stockholder of the corporation, died on October 7, 1947; that his estate is in process of probate in the county court of Milwaukee county; that on March 1, 1948, appellant filed a claim for his services and expenses against said estate; that objection to the allowance of the claim was filed by the administrators; that a hearing on the claim was held on January 25, 1952; that on April 3, 1952, the county court entered an order requiring the appellant to institute a separate suit in the circuit court for Milwaukee county in order that all other persons having similar wage claims and all stockholders of the company could be joined in one action in which the respective claims and liabilities could be adjudicated.

In the amended answer interposed on behalf of the administrators (respondents herein), there is denial on information and belief, that the corporation hired the appellant as a salesman or agreed to pay him as claimed in the complaint, or that he worked until October 31, 1947, or that he filed a claim and was paid by the trustee as alleged. The amended answer also contains a specific averment to the effect that the complaint shows that the alleged cause of action did not accrue within two years before the commencement of this action, and that the same is barred by reasons of the provi-

sions of sec. 330.21 (5), Stats. On information and belief there also appears in the amended answer an allegation that in the bankruptcy proceedings it was determined that Mr. Casey left the employ of Athea Laboratories on or about August 29, 1947, at which time he was entitled only to five months' salary at $500 per month and no expense money.

Of record it appears that on July 1, 1953, the circuit court remanded the case to the equity side of the court and directed discovery proceedings to bring in all persons asserting claims for wages and services and all stockholders. In February, 1954, the circuit court filed a written decision and also findings of fact and conclusions of law holding that the appellant's cause of action was barred by the two-year statute of limitations. It determined that the action was one for wages; that appellant was not required to file a claim in the county court; that the filing of a claim in the county court did not constitute the commencement of an action; that appellant's cause of action did not accrue within two years before the commencement of this action; that the cause of action accrued either on October 31, 1947, as alleged in the complaint or on August 29, 1947, as alleged in the amended answer (both dates being after August 28, 1947, when sec. 330.21 (5), Stats., became effective). Judgment was entered upon the findings of fact and conclusions of law, although no evidence had been received by the court.

On this appeal it is contended on behalf of the appellant that a stockholders' liability action does not become barred until after six years from the time that the claim has accrued. Respondents contend that such action is barred by the two-year statute of limitations.

Liability exists only by virtue of its having been created by the statute. In essence, the claim asserted in the complaint is one for unpaid salary, wages, or other compensation for

personal services rendered on behalf of the corporation. The statute does not change the species of the claim. It merely gives to such claimant an additional remedy for the enforcement of the claim. As was said in *Cullen v. Abbott* (1930), 201 Wis. 255, 258, 229 N. W. 85, "the corporation was primarily liable to its employees for the amount of their wages. The statute was a further assurance to the employees that the *wages for services rendered* during the six months should be paid."

In *Sleeper v. Goodwin* (1887), 67 Wis. 577, 31 N. W. 335, an action to enforce liability against stockholders, the court found that the six-year statute of limitations was applicable. However, it is of importance to note that while, when *Sleeper v. Goodwin* was decided, the statute provided for a six-year limitation when a different limitation was not prescribed by law, actually at that time no different limitation was so prescribed. The two-year statutory limitation as to actions against stockholders for claims arising out of unpaid salaries, wages, or other compensation for personal services has existed in this state only since August 28, 1947, when sec. 330.21 (5), Stats., became effective. Previous to that time the six-year statute of limitations was applicable.

In its memorandum decision the learned trial court analyzed the appellant's contention that this is not an action to recover unpaid salaries or wages but is one to enforce a stockholders' liability. The trial court said:

"Does the language at the end of section 330.19 (4), to wit, '. . . when a different limitation is not prescribed by law,' take this case out of the operation of section 330.19 (4), especially when we find that section 330.21 (5) specifically covers actions brought for wages, salary, etc.?

"Counsel for the plaintiff argues that the pending action 'is not an action to recover unpaid wages or salary;' that 'it

is an action to enforce a stockholder's statutory liability imposed by section 180.40 (6).' [1]

"It is true that the plaintiff was employed by the corporation and that the stockholders would not be liable for wages due from the corporation to the plaintiff in the absence of section 180.40 (6).

"It is also true that section 330.19 (4) is a limitation on actions brought to recover on a statutory liability. But we must bear in mind that section 330.19 (4) contains an exception, to wit, '. . . when a different limitation is not prescribed by law.'

"The law does prescribe a different limitation with reference to actions brought to recover for wages, etc.

"Section 330.21 (5) provides that 'any action to recover unpaid salary,' etc., must be brought within two years.

"The language of section 330.21 (5) is plain and unambiguous. It contains no exceptions.

"The pending suit is an action for wages. While it is true that the stockholders' liability is statutory, nevertheless, this statutory liability arises out of the fact that the corporation failed to pay plaintiff's wages or salary due him for services performed for said corporation.

"Section 330.21 (5) merely furnishes the plaintiff a remedy which he would not have in the absence of said statute."

We agree with the trial court's views as to the considerations quoted above, although strictly speaking, the action is one for salary or other compensation for services, rather than for wages as denominated by the court. However, according to most lexicographers, the words "wages and salary" are synonymous. Salary usually refers to a superior grade of service. 44 Words and Phrases, Wages (perm. ed.), p. 501. Compensation for services may include salary and

[1] Sec. 180.40 (6), Stats., here referred to by the trial court, was enacted in 1951. Its provisions are similar to those of sec. 182.23, Stats. 1947, except that the term "debts owing to *employees* of the corporation for services performed" appears in place of "debts which may be due and owing to its clerks, servants, and laborers for services performed."

expenses for personal services rendered. It is to be noted that wages, salary, and other compensation for personal services are embraced within provision of sec. 330.21 (5), Stats. It is clear that wages, salaries, and other compensation for personal services are also included within the meaning of "debts owing to clerks, servants, and laborers for services performed" as provided in sec. 182.23. We are unaware of any statutory provision indicating a legislative intent to afford a greater period of time for the prosecution of a wage claim against a stockholder than is permitted as to such kind of claim against the corporation in which the stock is held. Sec. 330.21 (5) does not provide that the two-year limitation is applicable to the employer only. In construing sec. 182.23, this court in *Kreutzer v. Gallagher* (1938), 229 Wis. 273, 282 N. W. 22, held that unless the assets of the employer corporation have been entirely exhausted, the corporation is also to be made a party to the action. Obviously, the two-year statute applies to the corporation. The employer is primarily liable for the compensation for personal services. Since the stockholder is only secondarily liable, it is not reasonable to imply that the legislature intended that the two-year limitation apply to the corporation, but that the six-year limitation be applicable to the stockholder. In our opinion an action to enforce a stockholders' liability under sec. 182.23, Stats. (now sec. 182.223), is barred by the two-year statute of limitation provided in sec. 330.21 (5).

We also agree with the trial court's findings and conclusions that the present action was instituted under provisions of sec. 182.23, Stats., and that sec. 180.40 (6) is not applicable. That section of the statutes did not exist in 1947.

However, we cannot concur in the conclusion reached by the trial court that in the matter at bar the entire alleged claim of the appellant is barred by the two-year limitation. We are of the opinion that only that part of the alleged claim which became due after sec. 330.21 (5), Stats., was enacted,

was barred. Sec. 330.19 (4) was effective as to sec. 182.23, until the time when sec. 330.21 (5) was enacted on August 28, 1947. In the complaint it appears that the total of the salesman's monthly salary and expense is claimed from April 1, 1947. Any portion thereof found to be due for the period from April 1, 1947, until August 28, 1947, is not barred by the six-year statute of limitation which was controlling until August 28, 1947.

Upon the oral argument the respondents contended that in the lower court appellant had not raised the question of the applicability of secs. 370.06 and 371.07, Stats., as to the instant claim.

Sec. 370.06, Stats., provides:

"REPEAL OR CHANGE OF LAW LIMITING TIME FOR BRINGING ACTIONS. In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."

Sec. 371.07, Stats., provides:

"STATUTES OF LIMITATION. In any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed

shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed."

Supplementary briefs were submitted as to the point that the matter was raised for the first time in this court and may not be considered. However, it appears that such question was effectively and sufficiently raised before the trial court. We note that counsel for respondents had argued in the court below that appellant's cause of action accrued after the enactment of sec. 330.21 (5), Stats., and that the statute was not enacted during the period that his services were rendered. Obviously, the matter was raised before the court below. The fact that the trial court did not decide the question is immaterial. Had this principle not been suggested to the court below, we believe, that in the interest of justice it would be the duty of this court to consider the particular question of law involved. *Cappon v. O'Day* (1917), 165 Wis. 486, 162 N. W. 655; *Herro v. Heating & Plumbing F. Corp.* (1931), 206 Wis. 256, 239 N. W. 413, and *Wauwatosa v. Milwaukee* (1951), 259 Wis. 56, 47 N. W. (2d) 442.

Secs. 370.06 and 371.07, Stats., are clear and unambiguous. In construing sec. 370.06, this court in *Lotten v. O'Brien* (1911), 146 Wis. 258, 260, 131 N. W. 361, said:

"But we believe that in such case sec. 4976, Stats. (1898) [now sec. 370.06], which applies to all statutes, steps in and applies a rule that, the limitation of one year having begun to run when the act of 1909 went into effect and the latter act providing a new period of limitation, the former limitation statute is continued in effect as to such former acts."

In *Augustine v. Congregation of the Holy Rosary* (1934), 213 Wis. 517, 252 N. W. 271, this court at page 520, declared:

"But there is no provision in that enactment that it is applicable to periods of limitation which have theretofore commenced to run. Consequently, even if plaintiff's period for filing his complaint had not completely expired before the enactment of that 1933 amendment, it would have been inapplicable to his claim. Unless such a repealing or amending act expressly provides otherwise, the limitation or period thereby prescribed applies 'only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run.' "

The trial court apparently was of a mind and respondents now contend, that the amount of compensation for personal services claimed in the complaint did not accrue until the time when appellant severed his employment,—either on August 29, 1947, or on October 31, 1947,—both dates being subsequent to the effective date of the two-year statute of limitations,—there being but one cause of action at such time. However, such view is contrary to the rule established in *Butler v. Kirby* (1881), 53 Wis. 188, 191, 10 N. W. 373, and which still prevails. It was held that the balance due on each month's wages remains as a distinct debt,—due at the end of the month. It was determined that such contract is not an entirety. At page 192 of said case the court also held:

"In the light of these authorities we must hold that where a person employed by the month is entitled to his wages at the end of each month, but fails to collect the same, and continues such services by the month for more than six years, the statute of limitations is a good bar to so much as accrued more than six years prior to a suit therefor."

In a situation where the salary was payable quarterly, this court, in *La Coursier v. Russell* (1892), 82 Wis. 265, 269, 52 N. W. 176, held that the contract was not entire and that

the employee had a right of action for salary at the end of each quarter and was entitled to recover on such basis.

Counsel for respondents cite *Ornstein v. Yahr & Lange Drug Co.* (1903), 119 Wis. 429, 96 N. W. 826, as authority that the contract is entire and that there is but one cause of action. However, the situation in that case is clearly distinguishable from the case at bar. There the contract of employment was for a prescribed period of service, nine months, and the instalments paid were not for services to date of payment, but were advancements on the entire contract. Here, no definite period was prescribed and the actual compensation was due monthly. It is to be noted also that the alleged claim here is not one to recover a balance due upon a mutual and open account current. In the instant matter, since there was an accrual of salary at the end of each month, recovery may be had for all amounts so owing for the period before August 28, 1947, and not barred by the six-year statute of limitations.

Respondents contend further that the clause in sec. 330.21 (5), Stats. 1947, providing that "any such action founded on a cause of action which accrued between July 1, 1941, and January 1, 1946, may be commenced at any time prior to February 1, 1948," indicates a legislative intention that the statute operates retrospectively. It is plain that the statute does not so operate with reference to the period January 1, 1946, and August 28, 1947.

It is also the position of the appellant that the filing of the claim against the estate of Joseph L. Trecker in the probate proceedings pending in the county court, effectuated a commencement of the action and that since the action was brought within the time limited by sec. 330.21 (5), Stats., the claimant is entitled to enforce recovery for the entire six-month period, April 1, 1947, until September 30, 1947. We find no merit to such contention.

Sec. 330.41, Stats., provides:

"PRESENTING CLAIMS. The presentation of any claim, in cases where by law such presentment is required, to the county court shall be deemed the commencement of an action within the meaning of any law limiting the time for the commencement of an action thereon."

We consider that presentment of this claim in the estate proceedings in the county court, was not required by law.

A judgment based upon provisions of sec. 182.23, Stats., may be enforced against an estate notwithstanding the fact that claim is not filed in the estate proceedings in the county court. It was held in *Kreutzer v. Gallagher, supra,* that since an action under sec. 182.23 is one in which all the stockholders and all the labor claimants are parties and in which their rights must be adjudicated, the remedy in the county court is plainly inadequate to the needs of the parties, and the circuit court is the proper forum. There, as here, a claim was filed in the county court but not disposed of in that court. Other wage claimants had not filed claims in the county court, but were parties in the circuit court action. It was considered that the filing of the claim in the county court gave no advantage to the claimant who had filed it as against those who did not so file a claim.

Sec. 313.17, Stats., provides:

"[In the county court.] After the time limited for creditors to present their claims has expired and the amount of the indebtedness of the deceased has been ascertained by the court such court shall make an order or judgment for the payment of the debts of the deceased, in whole or in part, out of the assets in the hands of the executor or administrator for that purpose, as the circumstances of the estate shall require."

The term "amount of the indebtedness of the deceased" does not only include claims of creditors which have been

allowed, but includes amongst other type of indebtedness, for which no claim need be filed, judgments of the circuit court rendered against executors or administrators of estates in causes of action under sec. 182.23, Stats.

We conclude that since the judgment is determinative only of the issue of law raised by the pleading, to wit, the objection that the action was not commenced within the time limited by law, and since in the court below there was no presentation or decision of the factual matters concerning the claim, a new trial must be held to determine the merits of the claim as alleged in the complaint, restricted to the period April 1, 1947, until August 28, 1947.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.