In re Voluntary Assignment of Supreme Tool & Manufacturing Company : Nemmers, Appellant, vs. Heller, Receiver, and others, Respondents.

*March 4—April 8, 1958.*

For the appellant there was a brief and oral argument by *Erwin Esser Nemmers* of Milwaukee, *in pro. per.*

For the respondents there was a brief by *Wolf & Haese* of Milwaukee, for Harold Townsend, and by *Joseph W. Swinnell* of Milwaukee, for Erich Singer, and oral argument by *Mr. William J. Haese* and *Mr. Swinnell.*

FAIRCHILD, J. The fundamental question presented is whether a receivership proceeding instituted by a voluntary assignment made under ch. 128, Stats., by a corporation is a proceeding in which the statutory liability of stockholders for unpaid wages can be adjudicated.

It has been decided that where an action is commenced against a banking or insurance corporation and a receiver appointed under the forerunners of sec. 286.12 ff., Stats. (sec. 3218 ff., R. S. 1878), such action is the exclusive remedy for determination of liabilities of stockholders. *Hurlbut v. Marshall* (1885), 62 Wis. 590, 22 N. W. 852; *Gager v. Bank of Edgerton* (1899), 101 Wis. 593, 77 N. W. 920; *Gager v. Marsden* (1899), 101 Wis. 598, 77 N. W. 922. The court found, particularly in sec. 3227, now in substance sec. 286.22, authorizing an injunction against proceedings by any other creditor, evidence of legislative intent that there should be only one proceeding. "The legislative scheme is that the whole subject of winding up a corporation, settling with its creditors, and distributing its assets shall be brought before the court as one cause of action. The various liabilities enforceable in such action are not separate causes of action, but are mere incidents or parts of one subject or cause of action:—the settlement of the corporate affairs." *Gager v. Marsden, supra,* page 604.

With reference to receiverships of corporations, other than banks and insurance companies, it has been decided that where a receiver had been appointed in an action brought for that purpose, the stockholders' statutory liability for unpaid wages should be determined in the receivership proceeding. *Cullen v. Abbott* (1930), 201 Wis. 255, 229 N. W. 85. It is, however, only an irregularity not to do so and such corporate receivership proceeding will not preclude a subsequent action by the employees against the stockholders. *Kreutzer v. Gallagher* (1938), 229 Wis. 273, 282 N. W. 22.

In R. S. 1878, the provisions now appearing as secs. 286.12 to 286.23, Stats., appeared in at least similar form in secs. 3218 to 3228. They were grouped together with secs. 3216 and 3217 under a title "Proceedings against Insolvent Corporations." Sec. 3216 authorized the circuit court to sequestrate the assets of a domestic corporation and appoint a receiver upon petition of a judgment creditor, execution having been returned unsatisfied. Sec. 3217 provided that in the final order in such action, the court direct a just and fair distribution among creditors in accordance with a specified schedule of priority. Sec. 3216 later became sec. 286.10. In 1935 as a result of a revisor's bill, it was added to a list of grounds for appointment of a receiver in sec. 268.16 (7). Up to this time voluntary assignments were covered by ch. 128, Stats. This chapter was entitled "Voluntary Assignments." Ch. 431, Laws of 1937, repealed ch. 128, Stats., secs. 268.16 (7) and 286.11 (formerly sec. 3217) and created ch. 128, Stats., under the title "Creditors' Actions." This chapter covered voluntary assignments for the benefit of creditors, proceedings termed "involuntary" (secs. 128.06 and 128.08 (1) (a)) and proceedings when an execution against a domestic corporation is returned unsatisfied. (Sec. 128.08 (1) (b).) The provisions for involuntary proceedings were considered to be superseded by the Federal Bankruptcy Act in *In re Wisconsin Builders Supply Co.* (7th Cir. 1956), 239 Fed. (2d) 649, and substantially removed from ch. 128 by ch. 274, Laws of 1957. Sec. 268.16(4) still authorizes appointment of a receiver when a corporation has been dissolved, is insolvent, in imminent danger of insolvency, or has forfeited its corporate rights.

In 1951 the new Wisconsin Business Corporations Law provided for procedure in the matter of liquidation of corporations by the circuit court. Secs. 180.771 to 180.787, Stats. In notes to Bill No. 763, S., 1951, it appears that the com-

mittee considered that there should be a further study of ch. 128, Stats., sec. 268.16, and ch. 286, Stats., in so far as they relate to corporate receiverships. They appeared to suggest that some uniform corporate liquidation proceeding might eventually result. There are important differences now existing in the procedures provided by ch. 128, ch. 180, ch. 268, and ch. 286, Stats., *e. g.,* priority of claims and time within which claims must be filed. Differences expressly provided for could not, of course, be erased by judicial action, but it seems proper that in other respects the several provisions should be construed with as much uniformity as is reasonable.

Accordingly, we reach the conclusion that where a receivership of a corporation is carried out under ch. 128, Stats., even though instituted by voluntary assignment rather than by a judgment creditor whose execution has been returned unsatisfied, the scope of the proceeding is broad enough so that stockholders can properly be made parties and their liabilities for unpaid wages determined and adjudicated.

We are of the opinion that this construction of the legislative intent is sound. It avoids a technical restriction on the procedure which a corporate employee may follow to obtain the benefits the legislature intended him to have. Sec. 180.40 (6), Stats. We see no reason why determination of the stockholder liability should be proper in a receivership which results from a winding up or similar action, and not in a proceeding under ch. 128, Stats., whether precipitated by a voluntary assignment or return of an execution unsatisfied.

The appellant wage claimant served no summons nor proposed complaint, but the orders to show cause gave clear notice that appellant sought to recover from respondents personally. The record indicates that respondents appeared, although the date is not indicated. It indicates that respondents made objection to the jurisdiction of the court over the subject matter and not to the jurisdiction of the court over

them personally. Their general appearance was equivalent to personal service of summons. Sec. 262.17, Stats. 1955. In our opinion the trial court should have required appellant to serve a complaint and the respondents to serve answers and then should have proceeded to adjudicate the issues so made. For the purpose of determining any defense based upon the statute of limitations the order should make the respondents parties as of the date of their first general appearance upon appellant's motion for an adjudication against them. We do not know whether there are other wage claimants, but if there are, appellant must proceed in their behalf as well as his own. *Kreutzer v. Gallagher* (1938), 229 Wis. 273, 281, 282 N. W. 22.

*By the Court.*—Order reversed, cause remanded for further proceedings not inconsistent with this opinion.