DAY and others, Respondents, vs. VINSON and others, Appellants.

*November 10 — November 25, 1890.*

*Corporations: Liability of stockholders for wages of employees: Survival: Assignment.*

The right of an employee of a corporation to enforce his claim for services against the stockholders personally, under sec. 1769, R. S., survives to his personal representatives, and is therefore assignable.

APPEAL from the Circuit Court for *Ashland* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellants on the brief of *Turner & Timlin,* and for the respondents on that of *Sleight & Foster.*

ORTON, J. This action is brought against the Bessemer Mining Company and all of its stockholders, by a large number of assignees of those who performed work, labor, and services for said corporation, and by some of the laborers themselves, and on behalf of all others having like claims against the corporation, by virtue of sec. 1769, R. S., which provides that "the stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, for all debts which may be due and owing to its clerks, servants, and laborers for services performed for such corporation, but not exceeding six months' service in any one case." Nearly all of the plaintiffs are assignees of such claims. The complaint contains the averment that the defendants are stockholders of the corporation, and, "as plaintiffs are informed and believe, constitute *all the stockholders* of said defendant corporation;" and also the averment that the plaintiffs are the only creditors of said corporation having such claims, now known to them; and that

said corporation is insolvent, and other necessary averments to make a case within said statute.

The defendants demurred to the complaint, and the demurrer was overruled; and this appeal is taken from said order. The only causes of demurrer now assigned are:

(1) That all of the stockholders are not joined in the action. This was evidently a mistake, as may be seen from the above-copied allegation.

(2) That the claims are not assignable. The learned counsel of the appellants cites no authority to sustain this position except *Caldwell v. Lawrence*, 10 Wis. 331, and other cases in analogy to a mechanic's or lumberman's lien. This seems to be the doctrine in respect to liens that generally prevails; and yet there does not seem to be any very good reason for it in this state, where so many more actions are made to survive than at common law. There is, however, a very clear distinction in the two cases. In respect to liens, there is an exceptional and special *remedy* given. The mechanic's claim for his labor or materials is a common credit, and is assignable; but this special remedy of lien is not assignable, and does not survive. It does not depend upon the liability being special, but upon the remedy being a special and peculiar one in such a case.

In this case, however, the remedy is a common one to a great variety of cases at common law or in equity. The liability is special and statutory. The liability is for work and labor, arising from express or implied contract, performed for the corporation. To this extent it is clearly assignable. The statute provides that the stockholders shall also be liable to the extent of their stock, for the reason, no doubt, that they have received the benefit of such labor. It would, perhaps, be more proper to say that this is an extended rather than a special liability. At common law the corporation is liable. The statute provides that the stockholders shall also be liable. In either case, it is a debt

*ex contractu*, or an implied *assumpsit* for work and labor, and the remedy is a common one. If it is assignable, and the action survives against the corporation, why not against the stockholders? The liability of the stockholders is primary and absolute, and attaches to them to the amount of their stock the moment the debt is contracted or the labor performed. *Steam-Engine Co. v. Hubbard*, 101 U. S. 188; *Norris v. Wrenschall*, 34 Md. 492; *Cuykendall v. Miles*, 10 Fed. Rep. 342; *Coleman v. White*, 14 Wis. 700. This is not only so, but the statute of limitations begins to run from the time the debt is contracted. *Terry v. Tubman*, 92 U. S. 156. By force of their contract of subscription, the stockholders engage to pay laborers to the extent of their stock. Thomp. Liab. Stockh. § 45. Where the liability of the stockholders for labor is unconditional, as in this state, it attaches as soon as the debt is contracted, and the statute of limitations begins to run from that time. Their liability is original, and not collateral. *Moss v. Oakley*, 2 Hill, 265; *Middletown Bank v. Magill*, 5 Conn. 28; Thomp. Liab. Stockh. § 34.

There does not seem to be any doubt but that such claim for labor against stockholders, or the action to recover it, survives; and any cause of action that survives is assignable. *Webber v. Quaw*, 46 Wis. 118. Whether the stockholders are so liable as partners or not, or whether the action can only be brought against those who are stockholders at the time it is commenced or not, there can be no doubt that such is the real nature of their liability where it is unconditional, as under the above statute. There is nothing in the nature of this liability or the remedy that should distinguish them from other causes of action *ex contractu* and the remedies by which they are enforced. The stockholders at the time the debt is contracted are at once liable, and so the liability passes on to those who are such when the action is commenced. Their liability is not personal in the

sense that it always adheres to the person.    Their personal
liability is only when and because they are stockholders.
This must be so in this state, where this court has decided
that the action must be brought against those who are the
stockholders at the time.    The liability is, in a sense, trans-
ferable with the stock, and passes on by legal *devolution* to
those who are stockholders at the time the action is brought.
This view is not in conflict with *Cleveland v. Burnham*, 55
Wis. 598, but rather harmonizes that case and *Coleman v.
White*, 14 Wis. 700, as well as many other cases in the books,
more in conflict in their language than in their decisions.

On the question of the assignability of such a claim, I
have not been able to find any other cases, except the two
cases cited by respondent's counsel of *Pilcher v. Brayton*,
17 Hun, 429, and *Krauser v. Ruckel*, 17 Hun, 463, where
this question is directly decided in the affirmative, and the
following cases in New York: *Oneida Bank v. Ontario Bank*,
21 N. Y. 490.    This case was twice argued in the court of ap-
peals, and an able opinion of COMSTOCK, J., concurred in by all
of the justices except DENIO (who dissented), determines the
question in favor of the assignability of such labor claims
by reason rather than by authority, which is summed up in
the following: " He who sells a security and receives his
pay for it necessarily sells whatever claim or right the se-
curity is understood by the parties to represent."    In *Kin-
caid v. Dwinelle*, 59 N. Y. 548, the action against the
stockholders for such a labor claim was brought by the as-
signee without question.    In *Bonnell v. Wheeler*, 1 Hun, 332,
it was held that the *assignee* of such labor claim has the
right to bring the suit.    There is an unreported case of
*Krauser v. Murdock*, referred to in *Krauser v. Ruckel*, 17
Hun, 463, decided the same way.    The liability of the stock-
holders is a *contract* liability.    Thomp. Liab. Stockh. § 25.
As well said by the learned counsel of the respondents, the
non-assignability of such labor claims would greatly detract

from their value. The statute should be liberally construed in favor of laborers. *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451; Wait, Insolv. Corp. § 566. We are satisfied that the action is properly brought by the assignees of these claims for labor, not only from the nature of the stockholders' liability, but from high authority.

These are the only two grounds of the demurrer insisted on in this court. The demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.