Clokus and others vs. Hollister Mining Co. and others.

CLOKUS and others, Respondents, vs. HOLLISTER MINING COMPANY and others, imp., Appellants.

*January 28 — February 18, 1896.*

*Corporations: Stockholders' liability for debts due laborers.*

Under sec. 1769, R. S., providing for personal liability of stockholders, to an amount equal to their stock, "for all debts" due to clerks, servants, and laborers for services performed for the corporation, it is immaterial whether the services were performed in this state or elsewhere.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge.   *Affirmed.*

Plaintiffs brought this action, under sec. 1769, R. S., to enforce an alleged liability of the stockholders of the defendant *Hollister Mining Company,* a Wisconsin corporation, for debts due its laborers.   The complaint does not show whether the claims to enforce which this action was brought accrued for labor performed in this state; but otherwise, by appropriate allegations, a good cause of action under the statute, it is conceded, is stated.   Defendants *Hollister Mining Company, William H. Morris, George P. Miller,* and *Benjamin K. Miller* interposed a general demurrer to the

complaint, which was overruled by the court, and from an order entered in accordance with such ruling this appeal was taken.

For the appellants the cause was submitted on the brief of *Edwin S. Mack.*

For the respondents there was a brief by *Timlin & Glicksman,* and oral argument by *N. Glicksman.*

MARSHALL, J. Sec. 1769, R. S., under which this action is brought, reads as follows: "The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case." The sole question presented on this appeal is whether, under the statute, it is necessary to allege that the indebtedness accrued for labor performed in the state of Wisconsin. It is contended on the part of appellants that the statute was intended only to protect laborers for work done for corporations in this state; that persons who perform labor in another state, though for a Wisconsin corporation, cannot come here, to the home of the corporation, and invoke the benefit of the statute; therefore, in order to make out a complete statutory cause of action, the complaint must show that the work was performed in this state.

We fail to see anything in the language of the statute to warrant appellants' contention. The words are plain, their meaning unmistakable. Therefore no resort can be had to the rules for judicial construction, for, "where the words of the law express clearly the sense and intent, we must hold to that." Smith, Stat. & Const. Law, § 478; *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451; *Gilbert v. Dutruit,* 91 Wis. 666. "The stockholders of every corporation, other than

railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, *for all debts* which may be due and owing to its clerks, servants and laborers for services performed for such corporation," etc., are the words of the statute. If the intention of the legislature was to restrict its operation to work performed in this state, such intention could have been made plain by saying so. For the court to construe the statute as if the words "in this state" formed a part of it, restricting the otherwise general application of the words "all debts," would be judicial legislation, and not judicial construction.

As has been held by this court, the statute under consideration should be liberally construed in favor of laborers. *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451; *Day v. Vinson,* 78 Wis. 198. It was obviously enacted for their benefit, and should not be restricted in its operation by strict rules of construction, even if it were open to judicial interpretation, which it is not, by reason of the plain and unmistakable meaning of the language used. All laborers, without reference to the place where the labor is performed, have a right to share equally with laborers who perform work in this state, in the benefits of the statute. The action, when brought, is to be instituted and prosecuted for the benefit of all, without discrimination in respect to the place where the labor is performed. *Day v. Vinson,* 78 Wis. 198; *Day v. Buckingham,* 87 Wis. 215.

*By the Court.*— The order of the superior court overruling the appellants' demurrer is affirmed, and the cause is remanded for further proceedings according to law.