HENRY L. BOGARDUS, Plaintiff, *v.* WILLIAM H. FITZPATRICK and Others, Defendants.

Supreme Court, New York County, January 7, 1931.

*Albert Woodruff Gray*, for the plaintiff.

*Killeen & Sweeney*, for the defendants.

WALSH, J. Two motions are before the court; the first being a motion by plaintiff for summary judgment, and the second a cross-motion by defendants to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The action is to charge defendants, the stockholders of the Universal Wireless Communication Company, a Delaware corporation, with personal liability for a debt due plaintiff by the corporation for services performed by him as an employee.

Liability is predicated on sections 71, 72 and 73 of the Stock Corporation Law, which provide, subject to certain limitations and upon the performance of certain conditions precedent, for personal liability of the stockholders of " every stock corporation " for all debts due to employees for services performed by them for such corporation.

Though the statute in terms imposes liability on the stockholders of every stock corporation, the words must be construed as impliedly referring to domestic stock corporations only. The laws of this State relating to the creation and regulation of the affairs of corporations are enactments respecting corporations created by it, and do not, unless specifically otherwise providing, affect foreign corporations. Though the Stock Corporation Law contains many provisions referring to the rights, powers and liabilities of corporations and of the officers, directors and stockholders thereof, these provisions, standing alone, are applicable only to domestic corporations. This is apparent from a reading of section 114, making applicable to officers, directors and stockholders of foreign corporations certain provisions of the Stock Corporation Law. Under this section the provisions of section 58, providing that " no stock corporation " shall pay dividends which shall impair its capital, are made applicable to foreign corporations; section 59, prohibiting the directors of " any stock corporation " from making unlawful loans to stockholders, applies to foreign corporations; section 61, imposing liability on the officers and directors of " a stock corporation," is made applicable to foreign corporations; and the provisions of section 15, providing that " no corporation " shall transfer property while insolvent, etc., is similarly made applicable to foreign corporations. Likewise, sections 135, 136 and 150 of the General Corporation Law, made applicable to foreign corporations by section 222 of that law, speak generally of " corporations." Had the intent of the Legislature, in passing these enactments with respect to corporations, been to include foreign as well as domestic corporations, there would have been no need for the enactment of section 114 of the Stock Corporation Law and section 222 of the General Corporation Law.

Judicial authority supports this view. In *Wamsley* v. *Horton & Co.* (12 App. Div. 312; affd., 153 N. Y. 687), the court, in referring to the provisions of the General Corporation Law of 1892 (Laws of 1892, chap. 687), said that they were not regarded as applicable

to foreign corporations. In *German-American Coffee Co.* v. *Diehl* (216 N. Y. 57, 61) the court held that the Stock Corporation Law giving to a corporation or its creditors the right to recover the full amount of the loss sustained through the payment of dividends except from surplus profits, if standing alone, would be confined in its application to domestic corporations, and is applicable to foreign corporations only by reason of the provisions of section 70 (now section 114) of the same act providing for liability of officers, directors, and stockholders of foreign stock corporations transacting business in this State, citing *Vanderpoel* v. *Gorman* (140 N. Y. 563). In *Bernheimer* v. *Converse* (206 U. S. 516, at pp. 534, 535) the Supreme Court said that the statutes now contained in sections 71, 72, and 73 of the Stock Corporation Law referred only to domestic corporations. In that case an action had been brought against a resident of the State of New York, in the United States District Court for the Southern District of New York, to enforce a liability as a stockholder of a Minnesota corporation. Under the statutes of Minnesota, stockholders were made liable to creditors of the corporation in the event of insolvency to an amount equal to the par value of their stock. The defendant contended, among other things, that the action against him was barred by reason of the two-year limitation prescribed in section 73 of the Stock Corporation Law of New York (then contained in chapter 688 of the Laws of 1892, section 55). The court said: " We do not think the provision of the statute (§ 55, chap. 688, N. Y. Laws 1892) relied upon covers these cases. It evidently refers to domestic corporations provided for in reference to the stockholder's liability created by the preceding section of the same chapter."

Defendants' motion to dismiss the complaint is granted. Plaintiff's motion for summary judgment is denied.