MICHAEL SPECTOR, Plaintiff, *v.* WILLIAM BRANDRISS, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, October, 1932.

*Morris J. Mayer*, for the plaintiff.

*David F. Cohen*, for the defendant.

LEWIS, DAVID C., J.   This matter comes on before me on a motion made by the defendant to dismiss the complaint, on the ground that, on its face, the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges the due rendition of a judgment against the Solid Door Corporation in favor of the plaintiff, for wages due to July 25, 1931; that the defendant was a stockholder during the period when said wages were unpaid; the service on the 17th of August, 1931, of the notice of intention to hold the defendant liable, and the return unsatisfied of an execution issued against the corporation on said judgment.

The principal ground upon which the application is based is that section 71 of the Stock Corporation Law does not apply to a foreign corporation.

A sense of fair play impels the belief that, where a foreign corporation secures the privilege to do business in our State, and in the course of its business incurs an obligation to one of our citizens for work and labor performed by him for it in our State, in such a case a stockholder of the corporation should not be permitted immunity from the provisions of section 71 of the Stock Corporation Law.

To so hold seems consonant with the spirit (if not with the very letter of the law) and with the statute-declared policy of our State.

This statute, manifestly conceived in the hope of securing to the wage earner the pay he has earned by the sweat of his brow, appeals to the favor of the court, and invites both a liberal interpretation and a liberal application.

A foreign corporation that voluntarily seeks our community to ply its trade subscribes to our laws as a condition for such privilege.   It may come of its own free will, but it can enter only upon our terms.   (*German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57, at p. 64.)

The right of a corporation to issue stock, to declare dividends, to make loans, or to transfer property, comes from the grant given by the parent State.   And as to such matter our statute abridging the power of a corporation might not, ordinarily, apply to a foreign corporation.

Section 71 of the Stock Corporation Law does not abridge any right of a corporation.   It creates a liability in favor of the wage

earner. I prefer to consider that it imposes this stockholders' liability as a condition for the privilege of the exercise of the corporate functions within our territory.

This statute does not expressly except a foreign corporation. It is directed to the stockholders of "*every* stock corporation." Shall the court, by judicial construction and interpretation, write such an exception into the law?

This statute does not distinguish between a wage earner of a foreign corporation and the wage earner of a domestic corporation. Shall this court discriminate for the benefit of the foreign corporation and to the detriment of its wage earners?

It is to be noted that we are not dealing with a contract made and performed without our State, nor with an obligation arising exclusively out of relationship of a stockholder to a corporation. Nor are we considering the enforcement of a foreign statute in our jurisdiction.

We are considering the application of our own statute to a transaction within our own State, and affecting one of our own citizens; and it should be our endeavor to put foreign corporations on a parity with domestic corporations; not to grant them or their stockholders any preference.

To apply the provisions of this section to a foreign corporation is not enforcing a penalty for the disobedience of any statutory inhibition or for any wrongful conduct, or for a false report. Nor is it imposing punishment for any offense against our laws.

In referring to a somewhat analogous obligation of a stockholder for the debt of his corporation, under the statute of the State of origin, our Court of Appeals has commented: "the liability is not penal in any international sense, but arises upon the statute as an implied obligation." (*Marshall* v. *Sherman*, 148 N. Y. 9, at p. 28.)

The foregoing features distinguish section 71 from the other provisions of the Stock Corporation Law, considered in those cases where our courts have held that the provisions of the Stock Corporation Law have no application to a foreign corporation, but only to a domestic corporation, unless expressly stated in the statute to apply to a foreign corporation. (*Southworth* v. *Morgan*, 205 N. Y. 293; *Johnson* v. *Nevins*, 87 Misc. 430; *German-American Coffee* v. *Diehl*, *supra*.) The only local precedent rules *contra*: *Bogardus* v. *Fitzpatrick* (139 Misc. 533).

But with all due deference to this precedent, I am not certain as to the facts in that case, nor convinced of its conclusiveness. Hence, I prefer to consider that, when a foreign corporation assumes such an obligation to a wage earner in our State, the statutory liability is imposed upon the transaction. Particularly nowadays,

when the search for a job is considered practically a forelorn hunt, the mind of the court turns to this conclusion.

The wage earner can scarcely be expected to know whether his employer is a foreign or a domestic corporation, but the foreign corporation should know, before it enters our jurisdiction, the responsibilities our statute imposes and should be bound by them. Hence, at this stage of the case, I prefer to sustain the complaint.

Motion denied.