Jacob Greenberg, Respondent, v. Morris Rosenwasser and Others, Defendants; Norman C. Chadwick, Appellant.[*]

Supreme Court, Appellate Term, First Department, May 25, 1933.

*John G. Turnbull*, for the appellant.

*Simon Meisler*, for the respondent.

Per Curiam. In our opinion section 71 of the Stock Corporation Law states the public policy of this State when it provides that stockholders of *every* corporation shall be liable for all debts due to employees. It, therefore, applies to stockholders of foreign corporations doing business here as well as to stockholders of domestic corporations especially where the debt was one for services rendered to the corporation in this State. This is not a statute granting powers and privileges to a corporation as in *Matter of Prime* (136 N. Y. 347), or prohibiting an act otherwise permissible as in *Vanderpoel* v. *Gorman* (140 N. Y. 563). It is a statute for the protection of laborers and employees and when the Legislature said that the stockholders of every corporation should be liable for same, it must be deemed to have intended to protect all employees whether of domestic or foreign corporations, at least as to services rendered in this State.

The statement in *German-American Coffee Co.* v. *Diehl* (216 N. Y. 57, at p. 61), that in the absence of a specific provision of law the statute there under consideration would apply only to domestic corporations, was dictum and the law being considered had a different object.

The statement in *Bernheimer* v. *Converse* (206 U. S. 516, at p. 534) must be considered in the light of the facts before the court.

[*] See *Bogardus* v. *Fitzpatrick* (139 Misc. 533).

That action was one to enforce liability under a Minnesota statute and, of course, the provisions of the then section 55 of chapter 688 of the Laws of 1892 (now section 73 of the Stock Corporation Law) limiting the time within which actions may be brought would only apply to actions brought for the liability created by the New York statutes.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.