**In re DORR PUMP & MFG. CO.**

**DORR PUMP & MFG. CO. v. HEATH et al.**

**No. 7786.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1942.

Wm. E. Burke and Eric W. Passmore, both of Milwaukee, Wis., for appellant.

J. Arthur Moran, of Delavan, Wis., for appellees.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

Under the law of Wisconsin, the stockholders of every corporation, except railroad corporations, have a double liability to clerks, servants and laborers for services rendered the corporation, not in excess of six months. Wisconsin Statutes 1939 (15th Edition), Sec. 182.23.

The Dorr Pump and Manufacturing Company, a Wisconsin corporation, was in bankruptcy. Some of its wage earners were threatening to file and some had filed suit against certain stockholders of the corporation to recover for their services. A group of stockholders of the bankrupt corporation made payment to the wage earners of the amount of their claims for services, and at the same time took from each wage earner an instrument in writing, which recited that in consideration of the payment of the amount of his or her claim, the wage earner did "sell, transfer, assign, and set over" to the named stockholders, in proportion to the amount of stock they held, all right, title and interest in and to their wages owed by the Dorr Pump and Manufacturing Company, together with the right to sue for and take all legal steps as may be necessary in connection therewith; and the instrument further recited "Said assignment shall include all right, title, and interest which I have in and to a certain claim" against the bankrupt in the bankruptcy court; and further did "sell, assign, and convey, by this instrument, all right, title, interest, and causes of action which I have under and by virtue of Section 182.23 of the Wisconsin Statutes for 1939, as amended"; and they further covenanted that the amount stated in each instrument was justly owed, still due, and the wage earner would not thereafter receive said debt or any part, or interfere with the collection thereof by stockholders.

The stockholders then filed the instruments in writing as claims against the corporation in the bankruptcy proceedings. The claims were allowed, and from their allowance this appeal is taken.

On behalf of the bankrupt it is contended that since the debt to the wage earners was paid, there was nothing to assign, and further that the payment to the wage earners was the discharge of a primary obligation of the stockholders and there could be no subrogation of the stockholders to the rights of the wage earners.

The District Court treated the payment and the taking from the wage earners of the instruments in writing as one transaction, which amounted to an assignment of the claims for wages, and held that the rights of the stockholders stemmed from these instruments of assignment and not from any equitable right of subrogation.

We think the District Court was right. The payment to the wage earners of the consideration and the receipt of the instruments in writing took place simultaneously as parts of one transaction, and the legal effect of it was not to extinguish the debt but to assign it to the stockholders. Such an assignment is valid under the law of Wisconsin. Day v. Vinson, 78 Wis. 198, 47 N.W. 269, 10 L.R.A. 205; 13 Fletcher Corp. 992.

The assignment placed the stockholders in the shoes of the wage earners. Under the statute in question, the stockholders owed nothing to the corporation or its non-wage earning creditors. Obviously, the statute creating the double liability of the stockholders in this instance was for the benefit of the wage earners and not for the purpose of creating additional assets or credits to which other creditors had a right to look. Cullen v. Abbott, 201 Wis. 255, 229 N.W. 85.

We may assume that the stockholders by virtue of the statute owed a primary obligation to the wage earning creditors in the sense that the wage earners did not first have to exhaust their remedies against the corporation. Day v. Vinson, supra. Their liability to the wage earners may have been primary in that sense, but it certainly was not primary or otherwise as to the corporation and its non-wage earning creditors. Cullen v. Abbott, supra.

The stockholders, therefore, had a valid assignment of the wage earners' claims and as assignees their claims were properly allowed. The case is affirmed.