JONCAS and others, Appellants, v. KRUEGER (Maebelle Drake), an incompetent person, by Phillip D. Krueger, her guardian, and Phillip D. Krueger, individually and as representative of the shareholders of Permanent Construction Company, Respondents.*

*No. 209.  Submitted November 28, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 1.)

* Motion for rehearing denied, with costs, on March 5, 1974.

530

For the appellants the cause was submitted on the brief of *Steve Enich* of Milwaukee.

For the respondents the cause was submitted on the brief of *Michael, Best & Friedrich* of Milwaukee.

HALLOWS, C. J. The sole question is whether sec. 180.40 (6), Stats.,[1] applies to shareholders of a foreign corporation licensed to do business in Wisconsin. By virtue of this section, shareholders of every corporation other than a railroad corporation are personally responsible, with limitations, for all unpaid debts owing by the corporation to employees for services rendered but not exceeding six months' service. This section was positioned in the statute in ch. 180 and sec. 180.02 (1) provides by way of definition the following:

"180.02 **Definitions.** As used in this chapter, unless the context otherwise requires, the term:

"(1) 'Corporation' or 'domestic corporation' means a corporation organized for profit with capital stock which is subject to the provisions of this chapter, except a foreign corporation; . . ."

In addition, sec. 180.807, Stats., provides:

"180.807 **Powers of foreign corporation.** No foreign corporation shall transact in this state any business which a corporation organized under the laws of this state is not permitted to transact. A foreign corporation which has received a certificate of authority under this chapter shall, until a certificate of revocation or of withdrawal shall have been issued as provided in this chapter,

---

[1] "180.40 **Liability of directors and shareholders.** . .

"(6) The shareholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the par value of shares owned by them respectively, and to the consideration for which their shares without par value was issued, for all debts owing to employes of the corporation for services performed for such corporation, but not exceeding 6 months' service in any one case."

enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in such foreign corporation's article of incorporation theretofore filed as provided in this chapter, except that it shall not exercise in this state any purpose set forth in or authorized by its articles of incorporation which it has stated in its application for a certificate of authority it will not pursue in this state; and such foreign corporation shall not be subject to any of the provisions of this chapter other than those made expressly applicable to it."

The question presented is one of interpretation and the defendants argue the words "every corporation" in sec. 180.40 (6), Stats., are sufficient to override the express requirement in sec. 180.807. But this latter section does not deal with shareholders' liability but with the powers of a foreign corporation and there are no powers of a corporation enumerated in sec. 180.40 (6) made expressly applicable to foreign corporations. Consequently, sec. 180.807 has no applicability to this issue.

The defendants also argue the words "every corporation" in sec. 180.40 (6), Stats., mean every domestic corporation given the definition of "corporation" in sec. 180.02 (1). But the distinction drawn in sec. 180.40 (6) is not whether the corporation is a domestic or foreign one, but rather, whether it is a corporation other than a railroad corporation. A railroad corporation is not usually a Wisconsin corporation and is usually in interstate commerce. Public policy might well dictate that shareholders of a railroad corporation should not be burdened with limited liability but such policy finds no valid basis respecting the shareholders of foreign corporations doing business in Wisconsin; such shareholders should not be treated differently than shareholders of a domestic corporation. Wisconsin can impose such liability as a condition of doing business in this state. *See Thomas*

*v. Matthiessen* (1914), 232 U. S. 221, 34 Sup. Ct. 312, 58 L. Ed. 577; *Pinney v. Nelson* (1901), 183 U. S. 144, 22 Sup. Ct. 52, 46 L. Ed. 125; *see also: Provident Gold Mining Co. v. Haynes* (1916), 173 Cal. 44, 159 Pac. 155; *Commonwealth Acceptance Corp. v. Jordan* (1926), 198 Cal. 618, 246 Pac. 796; *German-American Coffee Co. v. Diehl* (1915), 216 N. Y. 57, 109 N. E. 875; 2 Hornstein, *Corporation Law and ,Practice* (1951), p. 93, sec. 590, n. 21.

While the imposition of liability on shareholders for unpaid wages due corporate employees is not common, that fact does not restrict liability to shareholders of domestic corporations. Two other states besides Wisconsin have such legislation and they are Massachusetts [2] and New York.[3] New York is the only jurisdiction which has previously confronted the instant problem. In New York, after the trial courts split on the question of whether shareholders of foreign corporations doing business in New York incurred liability for corporate-wage debts,[4] the court of appeals determined that shareholders of a foreign corporation were not liable under its act for debts due employees for services rendered the corporation. *Armstrong v. Dyer* (1935), 268 N. Y. 671, 198 N. E. 551.[5]

---

[2] *See* Mass. Gen. Laws Anno., ch. 156, sec. 35 (1959).

[3] 6 McKinney's, *Consolidated Laws of New York* (1963), sec. 630; *see also:* 30 Fordham L. Rev. (1962), 471, 472, n. 6.

[4] *See, e. g., Greenberg v. Rosenwasser* (1933), 147 Misc. 757, 264 N. Y. Supp. 529; *Spector v. Brandriss* (1932), 144 Misc. 848, 259 N. Y. Supp. 558; *Bogardus v. Fitzpatrick* (1931), 139 Misc. 533, 247 N. Y. Supp. 692; *Spector v. Brandriss* (1933), 184 Misc. 40, 54 N. Y. Supp. 2d 527.

[5] The New York act (at that time sec. 71 of the Stock Corporation Law) provided for stockholder liability in language somewhat similar to the Wisconsin statute. The New York statute provided in relevant part as follows:

"The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any

We have examined the legislative history of sec. 180.40 (6), Stats., and it is somewhat instructive. In 1851, by ch. 92, sec. 11 of the Laws of Wisconsin (1851), the legislature created stockholders' liability for debts due the employees of electric telegraph corporations for labor performed for such corporations. In 1853, in providing for the organization of joint stock companies, the legislature by ch. 68, sec. 25 of the Laws of Wisconsin (1853), provided for stockholders' liability for wage debts owing to employees of corporations organized under the act.[6] Thus, this section expressly limited liability to shareholders of domestic corporations. In 1878, by ch. 85, sec. 1769, of the Revised Statutes (1878), substantially the language of the present section was adopted.[7] This statute, as changed from "any corporation organized under the provisions of this chapter" to "every corporation," was placed in a chapter designated "General Provisions Relating to Corporations." The chapter immediately following (ch. 86) was concerned with the organization of domestic corporations. Be-

of its laborers, servants or employees other than contractors, for services performed by them for such corporation. . . ." 58 McKinney's, *Consolidated Laws of New York* Anno. (1951), sec. 71.

[6] "The stockholders of any corporation, organized under the provisions of this act, shall be jointly and severally liable for all debts that may be due or owing to all their laborers, servants and apprentices, for service performed by them for such corporation, within six months next preceding the demand made for any such debt, and if any stockholder is compelled to pay such debts, he shall have his remedy by bill in equity, or otherwise, to obtain a contribution from the other stockholders of their proportion of such debt."

[7] "The stockholders of *every corporation*, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one cause. . . ." (Emphasis supplied.)

ginning in 1889, the sections immediately following sec. 1769 dealt specifically with foreign corporations. *See* Sanborn and Berryman's, *Annotated Statutes* (1889) and (1898), sec. 1770, *et seq.*

Former sec. 1769 was renumbered as sec. 182.12 and ch. 182 was given the title "Domestic Corporations— General Provisions." *See* Laws of 1923, ch. 291, secs. 2 and 3. As if to emphasize the distinction, a chapter 226 of the statutes, entitled "Foreign Corporations," was created at the same time. *See* Laws of 1923, ch. 291, sec. 2. Thus, it would appear the legislature intended to make stockholder liability for wage debts due corporate employees applicable to corporations generally.

In 1927, the statute was changed to read substantially as it presently does by inserting the language dealing with the liability of stockholders holding par and nonpar value stock. *See* Laws of 1927, ch. 534, sec. 55a; sec. 182.23, Stats. 1927. Obviously, this has no application to the instant case. In 1951, the Wisconsin Business Corporation Law (ch. 180) was enacted. Laws of 1951, ch. 731, sec. 7. What had formerly been sec. 182.23 became sec. 180.40 (6), Stats. 1951.

To construe sec. 180.40 (6), Stats., to exclude shareholders of foreign corporations raises the serious question that the section would then be unconstitutional as denying equal protection of the laws to the employees of foreign corporations doing business in Wisconsin by denying them benefits afforded employees of domestic corporations. We see no valid distinction why shareholders of foreign corporations should be favored or why Wisconsin employees working in Wisconsin should be classified for benefits depending upon where their employer is incorporated. *State v. Duffy* (1972), 54 Wis. 2d 61, 194 N. W. 2d 624; *Dane County v. McManus* (1972), 55 Wis. 2d 413, 198 N. W. 2d 667. The section was enacted for the benefit of laborers as a class and should

be construed, if it reasonably can, to avoid any constitutional questions and liberally in favor of laborers to attain its purpose and object. *Sleeper v. Goodwin, Imp.* (1887), 67 Wis. 577, 31 N. W. 335; *Day v. Vinson* (1890), 78 Wis. 198, 47 N. W. 269; *Cullen v. Abbott* (1930), 201 Wis. 255, 229 N. W. 85; *Kreutzer v. Gallagher* (1938), 229 Wis. 273, 282 N. W. 22; *In re Supreme Tool & Mfg. Co.* (1958), 3 Wis. 2d 554, 89 N. W. 2d 292; *Mundt v. Sheboygan & Fond du Lac RR Co.* (1872), 31 Wis. 451; *Clokus v. Hollister Mining Co.* (1896), 92 Wis. 325, 66 N. W. 398; *Coleman v. White* (1861), 14 Wis. 762 (*700); *Cleveland v. Marine Bank of Milwaukee* (1863), 17 Wis. 562 (*545); *Merchants Bank v. Chandler* (1865), 19 Wis. 457 (*434).

We hold, therefore, that sec. 180.40 (6), Stats., applies not only to shareholders of domestic corporations but to shareholders of foreign corporations licensed to do business in Wisconsin and the words "every corporation" in that section are sufficient to include foreign corporations.

*By the Court.*—Judgment reversed, with direction to overrule the demurrer.