CARROLL D. BESADNY, Secretary Department of Natural Resources
You have requested my opinion as to whether the Department of Natural Resources (DNR) has a duty to repair and maintain certain highway bridges pursuant to section 190.08, Stats. That statute provides:
 Every corporation constructing, owning or operating a railroad shall restore every watercourse, street, highway, road or canal across, along or upon which such railroad may be constructed to its former state or to such condition that its usefulness shall not be materially impaired and thereafter maintain the same in such condition against any effects in any manner produced by such railroad. And may acquire any lands required to change or restore any highway, street, canal or watercourse, and lands so taken shall become a part of such highway or street. This section shall not apply to sloughs or bayous closed by the government prior to April 14, 1893, to aid the navigation of rivers; but in case such sloughs or bayous are thereafter closed by any railroad company such company shall be liable in damages to any person owning lands thereon injured thereby. The statutes for acquiring land by right of eminent domain shall apply in assessing damages for such closing.
You advise that the DNR acquired abandoned railroad right of ways spanned by these highway bridges upon abandonment of the railroads, not for the purpose of operating railroads, but to develop hiking and biking trails.
In my opinion the answer is no.
First, the statute applies to corporations. It is clear that DNR is a state agency and not a corporation as understood in ordinary parlance. Moreover, no statute applies to the detriment of the state or a state agency unless the state or the agency is expressly included *Page 107 
within the language of the statute. See State ex rel. Dept. ofPub. Instruction v. ILHR, 68 Wis.2d 677, 680-84, 229 N.W.2d 591
(1975), and Wis. Vet. Home v. Div. Nurs. Forfeit. Appeals,104 Wis.2d 106, 110, 310 N.W.2d 646 (Ct.App. 1981). Nothing in section 190.08 expressly includes either the state or a state agency.
Second, the statute would apply only if DNR were constructing, owning or operating a railroad. You advise that DNR acquired these properties upon abandonment of railroad operations and that DNR uses the properties for other purposes. specifically, for hiking and biking trails. In my judgment, that means that DNR is not constructing, owning or operating a railroad within the meaning of this statute. Moreover, as a state agency DNR lacks constitutional authority to run a railroad inasmuch as to do so would offend the internal improvements clause of the Wisconsin Constitution article VIII, section 10. See, e.g., State ex rel.Jones v. Froehlich, 115 Wis. 32, 41, 91 N.W. 115 (1902); Bushnellv. Beloit, 10 Wis. 155 (1860); and Clark and others v. The Cityof Janesville, 10 Wis. 119 (1859). All statutes must be given a construction that serves to save, rather than impeach, their constitutionality. Joncas v. Krueger, 61 Wis.2d 529, 535-36,213 N.W.2d 1 (1973). Therefore, this statute must be construed so as to avoid any suggestion that DNR may run a railroad. On that construction, it becomes even more evident that the Legislature did not contemplate including any state agency within the coverage of this statute.
State law would be controlling here since there is no federal preemption under federal railroad abandonment law as to post-abandonment state control over the properties in question.Hayfield Northern R. v. Chicago and N.W. Transp., 467 U.S. 622
(1984). Since DNR does not own or operate a railroad, the common law rule that a state is subject to regulation as a railroad when it undertakes to own or operate a railroad, see Parden v.Terminal Ry. of Ala. State Docks Dept., 377 U.S. 184 (1964), is inapposite.
Your legal staff has advised that there are no known agreements concerning maintenance of the bridges and that the documents of conveyance contain no references to maintenance of such bridges. The existence of any such agreements or references could independently impose obligations not imposed by statute. See 75 Op. Att'y Gen. 10 (1986). But your question relates only to the terms of this statute and, for the reasons stated, DNR is not governed by its *Page 108 
terms when using abandoned railroad property for hiking and biking purposes.
DJH:CDH *Page 109