SHERMAN, J.
*485 ¶1 In these consolidated appeals, the State appeals judgments of the circuit court dismissing the State's criminal complaints against Autumn Marie Love Lopez and Amy Rodriguez. Lopez and Rodriguez were each charged with a single count of retail theft of items valued at more than $500 but less then $5,000, as parties to a crime. See WIS. STAT. §§ 943.50(1m)(c) and (4)(bf), and 939.05 (2015-16).[1] On Lopez's and Rodriguez's motions, the circuit court dismissed the complaints on the ground they are improperly duplicitous. The State argues that the complaints are not improperly duplicitous because it has authority under WIS. STAT. § 971.36(3)(a) to charge as one continuous offense the multiple alleged acts of retail theft that underlie the single charge. Alternatively, the State argues that it can do so pursuant to its general prosecutorial charging discretion. For the reasons discussed below, we conclude that the State may charge the multiple alleged acts of retail theft as one continuous offense pursuant to § 971.36(3)(a). Therefore, *486 we reverse the judgments dismissing the complaints and remand for further proceedings.
BACKGROUND
¶2 Lopez and Rodriguez were each charged with retail theft of items valued at more than $500 but less than $5,000, as party to a crime, a class I felony. See WIS. STAT. §§ 943.50(1m)(c) and (4)(bf), and 939.05. The complaints against Lopez and Rodriguez each alleged that, on seven separate occasions over a two-week period in January 2017, Lopez and Rodriguez stole merchandise from Wal-Mart through a scheme in which Lopez, a Wal-Mart employee, would assist Rodriguez at a self-check-out and would pretend to scan items, intentionally fail to scan items, and/or void items that were scanned. The complaints alleged that Lopez and Rodriguez stole merchandise totaling the following amounts on the following days:
1. January 10-$218.99;
2. January 12-$313.95;
3. January 13-$221.46;
4. January 16-$257.49;
5. January 19-$132.62;
6. January 20-$181.28; and *858 7. January 25-$126.33.
¶3 Lopez and Rodriguez separately moved the circuit court to dismiss the complaints on the ground that the complaints are duplicitous. According to Lopez and Rodriguez, the State could only charge them with *487 seven distinct violations of WIS. STAT. §§ 943.50(1m)(c) and (4)(a), each a class A misdemeanor. In response, the State argued that it has authority under WIS. STAT. § 971.36(3)(a) to combine the seven possible misdemeanors to charge a violation of § 943.50(1m)(c) and (4)(bf), a class I felony. Section 971.36(3)(a) permits the State to charge multiple "thefts" as one continuing act if "[t]he property belonged to the same owner and the thefts were committed pursuant to a single intent and design or in execution of a single deceptive scheme." Alternatively, the State argued that it has authority to charge the multiple acts as one continuous offense under its general discretionary charging authority.
¶4 The circuit court granted Lopez's and Rodriguez's motions to dismiss without prejudice. The court concluded that the State does not have authority under WIS. STAT. § 971.36(3)(a) to charge the multiple thefts as one continuous offense because § 971.36(3)(a) applies only to theft charged under WIS. STAT. § 943.20, and not to retail theft under WIS. STAT. § 943.50. The court did not address whether the State has authority to charge the separate incidents as one continuous offense under the State's discretionary charging authority. The State appeals.
DISCUSSION
¶5 The State contends that it has authority to charge the alleged acts of retail theft at issue here as one continuous offense under WIS. STAT. § 971.36(3)(a), or, alternatively, under its general discretionary charging authority.[2] For the reasons explained below, we *488 conclude that the State has authority under § 971.36(3)(a) to charge the multiple alleged acts of retail theft as one continuous offense. Because this conclusion is dispositive, we do not reach the question of whether the State has authority to do so pursuant to its discretionary charging authority. See Sweet v. Berge , 113 Wis.2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised).
¶6 If two or more distinct and separate offenses are charged in a single count, the complaint is defective as duplicitous and must generally be dismissed. State v. George , 69 Wis.2d 92, 99, 230 N.W.2d 253 (1975). Duplicitous indictments are prohibited because they: deny adequate notice of the charge to be defended; present a threat of a non-unanimous jury verdict; impair a defendant's ability to assert a double jeopardy defense; present a threat of prejudice and confusion arising from evidentiary rulings; and present a threat that the defendant will not be appropriately sentenced for the crime charged. See State v. Lomagro , 113 Wis.2d 582, 586-87, 335 N.W.2d 583 (1983). See also State v. Copening , 103 Wis.2d 564, 572, 309 N.W.2d 850 (Ct. App. 1981). However, pursuant to WIS. STAT. § 971.36(3)(a), "in any case of theft involving more than one theft, all thefts may be prosecuted as a single crime" without rendering the charge duplicitous, if "[t]he property belonged to *859 the *489 same owner and the thefts were committed pursuant to a single intent and design or in execution of a single deceptive scheme."
¶7 Lopez and Rodriguez argue that the State cannot charge the seven separate alleged acts of retail theft as a single crime under WIS. STAT. § 971.36(3)(a) because § 971.36(3)(a) applies only to "theft" under WIS. STAT. § 943.20. They reason that "retail theft" under WIS. STAT. § 943.50 and "theft" under § 943.20 are separate offenses with different elements and penalty structures. See WIS JI-CRIMINAL 1441 and 1498; § 943.20(3) and 943.50(4). They assert that, because § 971.36(3)(a) specifically refers to "theft," the statute is unambiguously limited in application to only crimes of "theft" under § 943.20.
¶8 Conversely, the State argues that WIS. STAT. § 971.36(3)(a) applies to all types of theft criminalized in the Wisconsin Statutes, including "retail theft." The State argues that § 971.36(3)(a) broadly refers to "theft" and that construing § 971.36(3)(a) as applying only to "theft" under WIS. STAT. § 943.20 would require a court to "write a limitation into the statute" that is not there. The State also argues that, had the legislature intended to limit § 971.36(3)(a) to only "theft" under § 943.20, the legislature would have added limiting language as it has in other statutory sections. The State cites as an example WIS. STAT. § 971.365, which, since it was enacted in 1985, has been amended multiple times to change the statutory sections to which it applies.
¶9 Statutory construction is a question of law subject to this court's de novo review. State v. Cole , 2000 WI App 52, ¶3, 233 Wis.2d 577, 608 N.W.2d 432. "The goal of statutory interpretation is to ascertain and give effect to the intent of the legislature."
*490 Lake City Corp. v. City of Mequon , 207 Wis.2d 155, 162, 558 N.W.2d 100 (1997). To achieve this goal, an appellate court first looks to the plain language of the statute. Id. "[I]f the meaning of the statute is plain, we ordinarily stop [our] inquiry." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis.2d 633, 681 N.W.2d 110.
¶10 Our supreme court has stated that " '[w]ithout some indication to the contrary, general words (like all words, general or not) are to be accorded their full and fair scope. They are not to be arbitrarily limited.' " Benson v. City of Madison , 2017 WI 65, ¶25, 376 Wis.2d 35, 897 N.W.2d 16 (quoted source omitted). The supreme court has also directed that, when construing statutory language, an appellate court " 'will not read into the statute a limitation the plain language does not evidence.' " State v. Kozel , 2017 WI 3, ¶39, 373 Wis.2d 1, 889 N.W.2d 423 (quoted source omitted).
¶11 WISCONSIN STAT. § 971.36 is entitled "Theft; pleading and evidence; subsequent prosecutions." The statute provides that, "in any criminal pleading for theft, it is sufficient to charge that the defendant did steal the property (describing it) of the owner (naming the owner) of the value (stating the value in money)." Sec. 971.36(1). It also provides that, "[i]n any case of theft involving more than one theft," the thefts may be prosecuted as a single crime if certain specified requirements are satisfied. Sec. 971.36(3). WISCONSIN STAT. ch. 943, which addresses "crimes against property," contains ten separate statutes criminalizing various types of theft. See WIS. STAT. §§ 943.20 (theft), 943.205 (theft of trade secrets), 943.45 (theft of telecommunications service), 943.455 (theft of commercial mobile service), 943.46 (theft of video service), 943.47 *491 (theft of satellite cable programming), 943.50 (retail theft), 943.61 (theft of library material), 943.74 (theft of farm-raised fish), *860 and 943.81 (theft from a financial institution). Section 943.20, which we have described as the "general theft statute," see State v. Ploeckelman , 2007 WI App 31, ¶14, 299 Wis.2d 251, 729 N.W.2d 784, itself identifies five separate and distinct theft offenses. See State v. Seymour , 183 Wis.2d 683, 699 and 702, 515 N.W.2d 874 (1994).
¶12 WISCONSIN STAT. § 971.36(3)(a) refers generally to "theft." If the legislature had intended to restrict the application of § 971.36(3)(a) to one or more of the numerous theft offenses identified in Wis. Stat. ch. 943, that intent could have been made plain by saying so. See Clokus v. Hollister Min. Co. , 92 Wis. 325, 327, 66 N.W. 398 (1896). However, nothing in § 971.36(3)(a) indicates that the legislature intended to limit that provision to a specific type or types of theft. For this court to construe § 971.36(3)(a) as if the words "under WIS. STAT. § 943.20" were part of § 971.36(3)(a), we would be undertaking judicial legislation and not judicial construction. See Clokus , 92 Wis. at 327, 66 N.W. 398. Accordingly, we conclude that § 971.36(3)(a) is not limited in its application to § 943.20 and that it applies as well to retail theft under WIS. STAT. § 943.50.
¶13 Lopez and Rodriguez's arguments against our plain language interpretation of WIS. STAT. § 971.36(3)(a) are unavailing. They argue that it disregards the differences in the elements and penalties among the different types of theft, but they do not explain how those differences mean those different crimes are not subsumed under the term "theft." They argue that it "allows for manipulation of the penalty *492 structures by the state" and "makes it ... easier for an individual to be charged with a felony," but such an argument is properly addressed to the legislature. Next, Lopez and Rodriguez argue that it cannot be so because § 971.36(3)(a) has existed since 1955 and no case has so held, but the absence of any pertinent case law means no more than that this may be an issue of first impression. Finally, they argue that the statute remained unchanged as new types of theft offenses were created and, therefore, could not possibly have been intended to apply to "those not-yet-created crimes." However, as the State notes, "it is a basic precept of statutory construction that the legislature is presumed to act with full knowledge of existing laws," State v. Roling , 191 Wis.2d 754, 762, 530 N.W.2d 434 (Ct. App. 1995), and, if the legislature intended that newly created theft offenses not be subject to § 971.36(3)(a), it would have done so.[3]
¶14 Having concluded that the State may under WIS. STAT. § 971.36(3)(a) charge multiple acts of retail theft as one continuous act of retail theft, the *493 next question becomes whether the prerequisites for doing so are satisfied. Section 971.36(3)(a) requires that multiple thefts may be prosecuted as a single crime if: (1) the property belonged to the same owner; and (2) the thefts were committed pursuant to a single *861 intent or design or in execution of a single deceptive scheme. We perceive no dispute that the property belonged to the same owner (Wal-Mart) and that the alleged thefts were committed pursuant to a single deceptive scheme (pretending to purchase items via the self-check-out). Accordingly, we conclude that the State may charge the alleged multiple acts of retail theft at issue in this case as a single crime. Accordingly, we reverse the judgments of the circuit court and remand these cases for further proceedings.
CONCLUSION
¶15 For the reasons discussed above, we reverse the circuit court judgments dismissing the State's complaints and remand these cases for further proceedings consistent with this opinion.
By the Court. -Judgments reversed and causes remanded for further proceedings.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

As indicated above, by aggregating the seven alleged acts, the State was able to charge Lopez and Rodriguez with a class I felony under Wis. Stat. § 943.50(4)(bf). If the State may not aggregate the seven separate alleged incidents of retail theft, the State may, at most, charge Lopez and Rodriguez with seven separate counts of retail theft of merchandise valued at $500 or less, which is a class A misdemeanor under § 943.50(4)(a).

Lopez and Rodriguez also assert that by charging them with a single count, "it is possible ... jury unanimity ... problems" could be created. They make this assertion in the context of duplicity and whether the State may charge the multiple alleged acts of retail theft as one count under its discretionary charging authority. However, to the extent that they are arguing that any potential jury unanimity problem is a reason against our plain language interpretation of Wis. Stat. § 971.36(3)(a), we are not persuaded. Such an argument is properly addressed to the legislature. Moreover, they give no reason why the jury cannot be instructed that to find Lopez and Rodriguez guilty of the single count of Wis. Stat. § 943.50(1m)(c) and (4)(bf), they must find that they each committed separate acts of retail theft of items, the value of which when combined totaled more than $500. See Wis JI-Criminal 1441.